■ In the Matter of the Estate of JULIUS KLORFEIN, Appellant, v. HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Respondent.— Judgment unanimously reversed, on the law, with costs to appellant, determination of the respondent, City Rent and Rehabilitation Administrator, in the matter of the fixing of the maximum rents for the subject premises,

annulled, the Administrator directed to recompute and adjust rent increases on the basis of depreciation allowances of 2% on the valuation of the building, and the matter remanded to the Administrator for such purpose. On the basis of the cost of the property on its purchase by the former corporate owner in 1936 and an estimated life of 44.17 years, an annual depreciation of $7,200 was taken by such owner for accounting purposes and allowed by the tax authorities. In 1958, however, the sole stockholder of the corporation which owned the property, died, the corporation was dissolved, and the property thereafter became vested in his estate which now owns it. Thereupon, the property acquired a new basis for accounting purposes, namely, the fair market value at the date of death. Pursuant to the applicable provisions of the United States Internal Revenue Code (§§ 2031, 1014; U. S. Code, tit. 26), the valuation of the building on the property at the date of death was fixed at $380,000 after arm's length negotiation between the executors of the estate and the Estate Tax Division of the United States Internal Revenue Service. This valuation was utilized for Federal estate tax purposes and as the basis for depreciation deductions on income tax returns filed by the estate. It should be noted that this figure is realistic in light of the current valuation of $440,000 for this building, as assessed by the city appraisers. The Rent Administrator, however, in connection with this maximum rent adjustment proceeding, has declined to recognize any depreciation rate based upon the new building valuation of $380,000 insisting that she still has the right to utilize the "historic annual depreciation charge" of $7,200 formerly taken by the dissolved corporate owner. The alleged basis for this determination is that, even though in a formal legal sense there is a new owner of the property, in substance, there was a continuity of the ownership interest which precluded a claim by the executors to depreciation charges greater than those formerly taken. Also, the Administrator attempts to equate the transaction with a transfer at a nominal purchase price, arguing that, in the absence of a bona fide sale, the value of the building must remain constant for maximum rent purposes. The Administrator, however, was bound to give due consideration to the various factors lawfully resulting from the devolution of property on the death of an owner. Her action runs counter to the express and unambiguous statutory proscription that, in the making of an adjustment of maximum rents on the basis of a 6% annual return, the Rent Administrator "shall" include "an allowance for depreciation of two per centum of the value of the buildings exclusive of the land, or the amount shown for depreciation of the buildings in the latest federal income tax return, whichever is lower; provided, however, no allowance for depreciation of the buildings shall be included where the buildings have been fully depreciated for federal income tax purposes or on the books of the owner". (Local Laws, 1962, No. 20 of City of New York; Administrative Code of City of New York, § Y51–5.0, subd. g, par. [1], cl. [a], subpar. [1], subcl. [i]; subd. g, par. [4], cl. [i].) In the "latest federal income tax return", the executors have claimed and have been allowed to take depreciation at the rate of 6% per annum on a declining balance method. The amount so taken for depreciation substantially exceeds the statutory alternative of "depreciation of two per centum of the value of the buildings exclusive of the land". Thus, in compliance with the statute, the Administrator was bound in the maximum rent adjustment proceeding, to allow a deduction of depreciation at the rate of $8,800 per annum (2% of the building assessed value of $440,000). Concur — Rabin, J. P., McNally, Stevens, Eager and Staley, JJ.